1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    JOEY L. HAINES,                            Case No. 23-cv-04452-AMO (PR)

8                    Plaintiff,                 **ORDER DIRECTING PLAINTIFF TO**
                                                **SHOW CAUSE WHY HIS FEDERAL**
9              v.                               **CLAIM SHOULD NOT BE DISMISSED**
                                                **AS UNEXHAUSTED**
10   SHERIFF SANCHEZ, et al.,

11                   Defendants.

12

13   **I.      INTRODUCTION**

14           This suit was reassigned from a magistrate judge to the undersigned in light of Ninth

     Circuit authority.[1]  Plaintiff Joey L. Haines, who is in custody at the Santa Rita Jail ("SRJ"), filed
15
     the present *pro se* prisoner complaint under 42 U.S.C. § 1983.
16
             The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.
17
     Venue is proper because the events giving rise to Haines's claims in his complaint are alleged to
18
     have occurred at SRJ, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).
19
     **II.     DISCUSSION**
20
             **A.      Standard of Review**
21
             A federal court must engage in a preliminary screening of any case in which a prisoner
22
     seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28
23
     U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which
24
     are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary
25
     relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se*
26

27   _____

28           [1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (concluding that magistrate judge
     lacked jurisdiction to dismiss case on initial screening because unserved defendants had not
     consented to proceed before a magistrate judge).

*United States District Court*
*Northern District of California*

1    pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

2    Cir. 1990).

3         The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

4    provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

5    § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

6    facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

7    Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*,

8    136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v.*

9    *Churner*, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not

10   just those that meet federal standards." *Id*. at 85.  Even when the relief sought cannot be granted

11   by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative

12   remedies. *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734).

13        **B.    Legal Claims**

14        Haines alleges a claim for violations of his Eighth Amendment rights, stemming from an

15   incident on January 5, 2023 related to a claim of deliberate indifference to his safety. *See* Dkt. 1 at

16   2-3.  However, a review of the complaint reveals that Haines has not exhausted California's prison

17   administrative process and thus it must be dismissed.

18        The California Department of Corrections and Rehabilitation ("CDCR") provides that

19   inmates and parolees "may appeal any policy, decision, action, condition, or omission by the

20   department or its staff that the inmate or parolee can demonstrate as having a material adverse

21   effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  Section

22   1997e(a) requires "proper exhaustion" of available administrative remedies. *Ngo*, 548 U.S. at 93.

23   A prisoner not only must pursue every available step of the prison appeal process but also must

24   adhere to "deadlines and other critical procedural rules" of that process. *Id*. at 90.

25        Here, Haines fails to allege that he exhausted his administrative remedies for the federal

26   claims he seeks to assert.  Dkt. 1 at 2-3.  Specifically, he states that he received "no response" to

27   the "[s]econd formal level" of review. *Id.* at 2.  Moreover, Haines did not attach any prison

28   grievance forms.  Thus, the Court has no additional basis to assess whether he exhausted his

*United States District Court*
*Northern District of California*

admirative remedies prior to filing his suit.  Furthermore, he has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement.  *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)).

A prisoner must exhaust his administrative remedies for constitutional claims *prior to* asserting them in a civil rights complaint.  42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  If a prisoner exhausts a claim *after* bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust.  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.")  When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  However, the Court will provide Haines one final opportunity to show cause, within **twenty-eight (28) days,** why his federal claim should not be dismissed without prejudice for failure to exhaust, as instructed below.  Specifically, to avoid dismissal, Haines needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement.  *See e.g., Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.")

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Haines will be provided one final opportunity to show cause within **twenty-eight (28) days**, why his federal claim should not be dismissed without prejudice for failure to exhaust. **Failure to reply will result in dismissal without prejudice of Haines's federal claim.**

2.      All communications by Haines with the Court must be served on the defendants' counsel by mailing a true copy of the document to them.

United States District Court
Northern District of California

1  3.      It is Haines's responsibility to prosecute this case.  He must keep the Court
2  informed of any change of address and must comply with the Court's orders in a timely fashion.
3  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
4  while an action is pending must promptly file a notice of change of address specifying the new
5  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
6  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
7  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
8  *se* party indicating a current address.  *See* L.R. 3-11(b).

9  4.      Upon a showing of good cause, requests for a reasonable extension of time will be
10  granted provided they are filed on or before the deadline they seek to extend.

11  **IT IS SO ORDERED.**

Dated:     January 9, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California